**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| JUSTIN COLE, | )<br>) |
| Petitioner, | ) Case No. 4:19-CV-473<br>) |
| v. | ) Judge Dan Aaron Polster<br>) |
| MARK WILLIAMS, | ) **OPINION AND ORDER**<br>) |
| Respondent. | )<br>) |

On March 4, 2019, Petitioner Justin Cole filed the instant Petition for Writ of Habeas Corpus by a person in federal custody, pursuant to 28 U.S.C. § 2241. Doc #: 1. In his Petition, Cole asks that the Court recalculate his good time credits pursuant to the First Step Act and order that he be released on June 6, 2019. *See id*. The Federal Public Defender's Office filed a Supplement to Cole's Petition on May 7, 2019. Doc #: 2. The Government filed a Motion to Dismiss and Brief in Opposition to the Petition and Supplement on May 29, 2019. Doc #: 4. Cole filed his Reply brief on May 31, 2019. Doc #: 5. For the reasons that follow, Cole's Petition is **DENIED**.

On April 4, 2013, Cole was sentenced by the Southern District of Indiana to 84 months imprisonment, 10 years supervised release, a special assessment fee of $100.00, and a fine of $1,500.00. See Case. No. 1:13-CR-9, Doc #: 42. He is currently incarcerated at the Elkton Federal Correctional Institution and has a projected release date of July 25, 2019. Cole argues that he should be released on June 6, 2019 pursuant to the First Step Act's amendment of the good time credits provision, 18 U.S.C. § 3624(b).

The Bureau of Prisons ("BOP") must release a federal prisoner on the date of the expiration of the prisoner's term of imprisonment, less any time credited towards his sentence. *See* 18 U.S.C. § 3624(a). Title 18 U.S.C. § 3624(b) provides a credit toward service of sentence for satisfactory behavior ("good time credit"). The BOP originally interpreted 18 U.S.C. § 3624(b) to allow a 47-day reduction in a prisoner's sentence for each year served. The First Step Act amended § 3624(b) to afford prisoners a 54-day per year served reduction. *See* Pub.L. 115-391, Title I, § 102(b)(1)(A), (2), Dec. 21, 2018, 132 Stat. 5210, 5213. Cole argues that the Court should recalculate his good time credits and order him to be released on June 6, 2019 instead of July 25, 2019. However, the First Step Act's amendment to the good time credit provision does not become effective until "the date that the Attorney General completes and releases the risk and needs assessment system[.]" *Id*. The Attorney General has until July 19, 2019 to develop and publicly release the risk and needs assessment system. *See* 18 U.S.C. § 3632(a) ("Not later than 210 days after the date of enactment of this subchapter, the Attorney General . . . shall develop and release publicly . . . a risk and needs assessment system[.]").

Cole argues that the delayed effective date should apply only to earned time credits, not good time credits, because the risk and needs assessment system only effects the calculation of earned time credits. Doc #: 1 at 6. The Court agrees that the risk and needs assessment system is being developed to calculate earned time credits, not good time credits. *See* 18 U.S.C. § 3624(g)(1)(A). Earned time credits are credits that a prisoner can earn by completing recidivism-reduction programming. 18 U.S.C. § 3632(d)(4)(A)(i). For every 30 days of successful participation in such programming, a prisoner can earn at least 10 days of credit. *Id.* The risk and needs assessment system will determine the type and amount of recidivism reduction programming that is appropriate for each prisoner. 18 U.S.C. § 3632(a)(3). The risk and needs assessment

2

system will not affect the calculation of good time credits. However, Congress was explicit that the delayed effective date applies to *all* amendments made to § 3624, including the amendment to good time credits. The Court will not construe the First Step Act in a way that is wholly inconsistent with Congress's plain language. Thus, Cole is not entitled to a re-calculation of his good time credits until the Attorney General completes the risk and needs assessment system by July 19, 2019. Accordingly, Cole's Petition is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster June 4, 2019*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**